UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Appeal from the Bankruptcy Court's Fourth Fee Order [DE 11]

## I. INTRODUCTION

This case arises out of a contract dispute that began almost 20 years ago. In the early 2000s, Debtor/Appellee Darin Davis ("Davis") entered into a contract with Appellant Asphalt Professionals, Inc. ("API") that contained an attorneys' fees provision. Eventually, a dispute arose between Davis and API, which resulted in years of litigation. In 2010, Davis declared chapter 7 bankruptcy. API brought various claims during the ensuing bankruptcy proceedings. When API lost on those claims, Davis moved to recover the attorneys' fees he incurred defending against the claims. The bankruptcy court granted the motions for attorneys' fees in four separate orders: The First, Second, Third, and Fourth Fee Orders. This appeal concerns the Fourth Fee Order, which was entered on April 10, 2020. For the following reasons, the Court **AFFIRMS** the bankruptcy court's Fourth Fee Order.

## II. FACTUAL BACKGROUND

### A. Davis Enters into a Subcontract with API on Behalf of T.O.

Davis was a California licensed contractor and a developer of small real estate projects. In 2002, Davis formed an LLC called T.O. to develop a real estate project in Thousand Oaks, California known as the Whitman Project. On behalf of T.O., Davis entered into a subcontract (the "Subcontract") with API, a general engineering contractor. The Subcontract provided that API would provide street improvement services to the Whitman Project.

### B. API Sues T.O. and Davis in State Court

A dispute arose between Davis and API regarding the site plans and whether T.O. was a licensed contractor. In September 2005, API filed an action against T.O., Davis, and others in the Superior Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

of California, Ventura County (the "State Action"). API brought claims against T.O. for breach of the Subcontract, foreclosure on mechanic's lien, and quantum meruit. API also brought claims against Davis for alter ego and fraud.

### C. While the State Action is Pending, Davis Declares Bankruptcy

In June 2010—while the State Action was pending—Davis filed for bankruptcy under chapter 7.[1] In August 2010, API commenced an adversary proceeding against Davis. The adversary complaint sought the denial of Davis' discharge under 11 U.S.C. § 727 ("727"), as well as a determination under 11 U.S.C. § 523 ("523") that debts owed by Davis to API in connection with the Whitman Project were excepted from discharge due to fraud. The complaint also requested attorneys' fees incurred in the adversary proceeding. The complaint attached the Subcontract which included the following attorneys' fees provision:

> In the event that Contractor prevails in any reference proceeding or court action arising out of this Agreement or the enforcement or breach thereof, or any action brought against Subcontractor by third parties in which Contractor is joined as a party or interpleads, whether the same proceeds to judgment or not, Subcontractor agrees to pay to Contactor reasonable attorney fees. In the event that Subcontractor prevails…, Contractor agrees to pay Subcontractor reasonable attorneys' fees. The parties' covenants set forth in this Paragraph [] shall survive and be enforceable following termination of this Agreement.

(AA1909–AA1910, ECF No. 17-1.)

### D. The State Court Enters Judgment in Favor of API

The State Action had three trial phases: (1) breach of contract, quantum meruit, and foreclosure on mechanics lien, (2) alter ego, and (3) fraud. At the close of Phase I, the court entered judgment in favor of API and against T.O. for contract damages, penalties, and interest of approximately $318,000. The court also awarded API attorneys' fees of $1.65 million. At the close of Phase II, the court found that Davis was T.O.'s alter ego and thus responsible for the Phase I and Phase II fees and for "any other or future order or orders awarding damages, punitive damages, attorneys fees, and/or costs" to API. (AA000716, ECF No. 13-5.) API was awarded additional attorneys' fees and costs. Thus, at the close of Phase II the total amount owed by Davis/T.O. to API was $3,261,201. Phase III has not yet occurred.

---

[1] The state court granted API relief from the automatic stay so that it could continue litigating the State Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

### E. API Files Claim No. 4

In January 2011, API filed Proof of Clam No. 4 ("Claim No. 4") in bankruptcy court. The basis for Claim No. 4 was stated as "Litigation in VCSC" (i.e., the State Action) and the amount of the claim was $3 million.

### F. The Parties Stipulate to Resolve All Amounts Due to API

In June 2013, API and Davis entered into a stipulation to resolve all amounts due to API under Phases I and II. In the stipulation, the parties referenced the first and second phases of the State Action and agreed to resolve the outstanding dispute over attorneys' fees and costs owed to API for those phases. API also executed a Satisfaction of Judgment acknowledging that it had been satisfied in full as to the first two phases of litigation. If future disputes arose regarding whether all amounts were paid, the stipulation included an attorneys' fee provision which stated:

> AP[I] and Defendants stipulate and agree that should further legal action be required in order to compel the performance of either party of any of the foregoing terms and conditions on its or their part to be performed, the prevailing party in any such litigation shall be awarded an amount equal to the attorney's fees and costs of suit reasonably incurred in bringing or defending any such action, in addition to any other sum or amount awarded or obtained by the prevailing party therein.

(AA000774, ECF No. 13-5.)

API was paid $3,261,201—the entire amount owed under Phases I and II. Nevertheless, API continued its litigation against Davis for denial of discharge and fraud, and continued to assert that it was owed money under Phases I and II through its proofs of claim.

### G. The Bankruptcy Court Partially Sustains Davis' Objection to Claim No. 4

In September 2014, Davis filed an objection to API's Claim No. 4, arguing that API's claim should be disallowed because the judgment and fee award entered by the state court had already been paid in full and that there was nothing remaining to be paid. API responded that the court had not tried Phase III and that additional damages might be awarded in that phase.

In October 2014, API filed Proof of Claim No. 15 ("Claim No. 15") asserting that Davis owed it $2 million.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

In November 2014, the bankruptcy court sustained Davis' objection to Claim No. 4 in part. The court allowed API to maintain a claim of $1,130,951.42 pending the outcome of Phase III of the State Action.

### H. The Bankruptcy Court Rules for Davis on API's 727 and 523 Claims

The following month, in December 2014, the bankruptcy court found for Davis on API's 727 claim. The 523 claim was not resolved until 2018. On June 18, 2018, the bankruptcy court entered judgment in favor of Davis and against API on the 523 claim. API appealed and the Bankruptcy Appellate Panel ("BAP") upheld both judgments.

### I. The Bankruptcy Court Enters the First Fee Order

In 2018, Davis filed a motion to recover the attorneys' fees he incurred defending against API's 523 claim. That December, the bankruptcy court entered the First Fee Order, which found that Davis, as the alter ego of T.O., could enforce the attorney-fee provision of the Subcontract against API. The BAP affirmed the First Fee Order, as did the Ninth Circuit.

### J. The Trustee's Objections to API's Claims and Davis' Joinder

In January 2019, the Chapter 7 trustee (the "Trustee") filed an objection to API's claims (the "Claim Objections"). On February 8, 2019, Davis filed a Joinder to the Trustee's Claim Objections. On April 4, 2019, API filed its Evidence of Entitlement to Unpaid Attorneys' Fees. On April 17, 2019, Davis filed a response showing that API had been paid all of its fees and costs in the State Action for Phases I and II. On May 9, 2019, the bankruptcy court entered an order sustaining the Trustee's Claim Objections ("Claim Objections Order"), which API appealed.

### K. The Bankruptcy Court Enters the Second Fee Order

On May 23, 2019, Davis filed a motion to recovery the attorneys' fees that he incurred to object to API's Claim No. 4 and to join in the Trustee's Claim Objections. The bankruptcy court granted the motion on October 28, 2019 and entered the Second Fee Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

**L.    The Bankruptcy Court Awards Davis Fees Incurred Defending API's Appeals of the First Fee Order and the 523 Claim.**

Davis also filed a motion to recover the attorneys' fees he incurred defending API's appeals of the First Fee Order and the bankruptcy court's judgment on API's 523 claim. On November 1, 2019, the bankruptcy court granted the motion and entered the Third Fee Order.

**M.    The BAP and the Ninth Circuit Affirm the Claim Objections Order**

On November 5, 2019, the BAP entered a memorandum of decision affirming the bankruptcy court's Claim Objections Order. API appealed the BAP's memorandum to the Ninth Circuit. On June 16, 2020, the Ninth Circuit affirmed the Claim Objections Order.

**N.    The Bankruptcy Court Enters the Fourth Fee Order**

On November 15, 2019, Davis filed a motion to recover the attorneys' fees he incurred defending API's appeal of the Claim Objections Order to the BAP. (AA001989–AA001992, ECF No. 17-7.) On April 10, 2020, the bankruptcy court granted the motion and entered the Fourth Fee Order for $20,527.50.

In the Fourth Fee Order, the bankruptcy court first noted that it had no jurisdiction to rule on API's substantive arguments regarding Davis' entitlement to attorneys' fees because that issue was currently on appeal before the BAP. (AA002265, ECF No. 18-4; *see also* AA002268–AA002269, ECF No. 18-5.) The court went on to find that Davis' requested fees were reasonable. This appeal of the Fourth Fee Order followed.

**III.    JURISDICTION AND STANDARD OF REVIEW**

The district courts of the United States have jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). There is no dispute that the Fourth Fee Order constitutes a final order within the meaning of § 158(a)(1). The Court thus has jurisdiction over the appeal.

On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and reviews its conclusions of law de novo. *In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir. 1986). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (bracketing and internal quotation mark omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

### IV. **DISCUSSION**

#### A. **The Effect of the Recent Ninth Circuit Rulings on this Appeal**

API appeals the bankruptcy court's Fourth Fee Order granting Davis' motion for attorneys' fees in the amount of $20,527.50. In its appeal, API raises several arguments as to why the Fourth Fee Order was entered in error. *First*, API argues that that when the state court entered judgment on API's breach of contract claim, the Subcontract merged into the judgment and ceased to exist, barring any fee award based on the merged contract, including the Fourth Fee Order. *Second*, API contends that the bankruptcy court erred by permitting Davis to enforce the attorneys' fee provision of the Subcontract. According to API, because Davis was not a signatory to the Subcontract, he was not permitted to enforce this provision. *Third*, API contends that Davis lacked standing to join in the Trustee's Objections. *Fourth*, API avers that the bankruptcy court erred by relying on the billing statements submitted by Davis' counsel when ruling on Davis' motion for attorneys' fees. API asserts that these billing statements should have been excluded under the Federal Rules of Evidence and that, in any event, they were insufficient to support the fee award.

After API filed its Opening Brief in this case, the Ninth Circuit issued two rulings which bear on this appeal. On June 16, 2020, the Ninth Circuit affirmed the bankruptcy court's order sustaining Davis' objection to API's claims. In so doing, the Court rejected API's first and second arguments. (DA0007–DA0008, ECF No. 24-2.) Also on June 16, 2020, the Ninth Circuit affirmed the bankruptcy court's First Fee Order. In that ruling, the Court rejected API's third argument. (DA0002, ECF No. 24-1.)

Because the Ninth Circuit has already determined that (1) the merger doctrine does not apply, (2) Davis was entitled to enforce the attorneys' fees provision as a non-signatory, and (3) Davis had standing to join the Trustee's Objections, this leaves the Court to consider only whether there was sufficient evidence of the fees Davis incurred and whether the fee amount was reasonable. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.") API appears to agree that this is the sole issue remaining in this appeal. (*See* Appellant's Reply at 3, ECF No. 26 ("The rulings of the [Ninth Circuit] did not resolve the following issue that remains on appeal: the bankruptcy court erred in admitting into evidence billing statements…."). The Court thus proceeds to consider only API's fourth argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

**B.      Whether the Bankruptcy Court Erred by Relying on the Billing Statements Submitted by Davis' Counsel**

API contends that the bankruptcy court erred in admitting into evidence billing statements submitted by Davis' counsel, Alan W. Forsley ("Forsley"). According to API, these billing statements should have been excluded under the Federal Rules of Evidence 403, 602, and 901. Alternatively, API argues that these billing statements were insufficient to support the Fourth Fee Order.

*1.      Whether the Billing Statements Should Have Been Excluded*

The Court first considers whether the bankruptcy court erred by admitting the billing statements.

Rule 403 provides that "[t]he court *may* exclude relevant evidence if its probative value is substantially outweighed by the danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403 (emphasis added). Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Civ. P. 602. Finally, Rule 901 states that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Civ. P. 901(a).

Here, the record does not provide any basis to conclude that the bankruptcy court erred by considering the billing statements submitted by Davis' counsel. "Declarations in support of attorney fee awards should be based upon personal knowledge." *Muniz v. United Parcel Service, Inc.*, 738 F.3d 214, 222 (9th Cir. 2013). In support of Davis' motion for attorneys' fees, Forsley submitted a declaration stating that he had "personal knowledge of the facts herein[.]" (AA001993, ECF No. 17-7.) Forsley declared that Davis' counsel incurred $16,787.50 to defend API's appeal, $2,465 to prepare the motion for attorneys' fees and associated documents, and that Davis' counsel would incur $3,400 to prepare a reply and attend the hearing on the motion for attorneys' fees. (AA001995.)[2] Forsley also declared that the billing statements attached to his declaration "were made at or near the time of the event that they were recorded as it is our official policy to record legal services at or near the time of event into our Time Slips system" and that they "set forth in detail the time spent on the defense of the API claim objection appeal[.]" (AA001994.) There is thus no basis to conclude that billing records did not comply with Rule 602.

---

[2] The bankruptcy court ultimately awarded Davis $20,527.50—approximately $2,000 less than the full amount requested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

There is also no basis to conclude that billing records did not comply with Rule 901. API argues that the redactions on the billing statements render them inauthentic under the Rule 901. API points out that "the identity of the person and/or entity to whom the bill was sent" has been redacted, but this information is not necessary for authentication purposes. (Appellant's Opening Brief at 49.) Similarly, API complains that "[t]he heavy redactions by counsel for Davis strongly suggests that some person or entity, other than Davis, incurred the attorney's fees" but redactions alone do not render the billing statements inauthentic. (*Id.*) In sum, the Court finds that the billing renders should not have been excluded under Rule 901.

Finally, the record does not provide a basis to conclude that the billing statements should have been excluded under Rule 403. API has not explained why the billing records' probative value was substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403. The Court thus rejects this argument.[3]

    2.    *The Weight of the Billing Statements*

API also argues that the billing statements were insufficient to support the Fourth Fee Order. Again, API focuses on the redactions on the billing statements, asserting that because the billing statements are heavily redacted, they are insufficient to support the fee award.

The Court does not find that the bankruptcy court erred by relying on the billing statements submitted by Davis' counsel. The bankruptcy court considered the fact that the billing statements were redacted in its Fourth Fee Order. The court stated:

> In the Opposition, API notes that certain items are redacted. However, Debtor is not requesting reimbursement of the redacted portions of the invoice attached to the Second Motion. Debtor only seeks an award of fees and costs for those unredacted amounts.

---

[3] API does not dispute that the billing statements qualified as business records under Rule 803(6). The Court thus does not consider any argument to the effect that the billing statements were improperly admitted as business records.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03492-RGK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *In Re Debtor Darin Davis* | | |

(AA002266, ECF No. 18-4.) The court went on to find that the unredacted portions of the billing statements demonstrated that Davis' requested fees were reasonable. Because the bankruptcy court did not rely on the redacted portions of the billing statements, API's argument is unavailing.

Finally, in its Reply Brief, API also contends that reversal is appropriate because the bankruptcy court failed to articulate its reasoning with sufficient specificity. (Appellant's Reply at 3 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).) The Court disagrees. "When the [] court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible…the explanation must be 'concise but *clear*.'" *Moreno*, 534 F.3d at 1111 (quoting another source). The bankruptcy court's Fourth Fee Order satisfies this standard.[4]

**V.   CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's Fourth Fee Order.

**IT IS SO ORDERED.**

|   |   :   |   |
|---|---|---|
| | Initials of Preparer | jre |

---

[4] API appears to argue that a more exacting "specific articulation" standard applies. (Appellant's Reply at 5.) However, "a more specific articulation of the court's reasoning is expected" only where there is a large disparity between the lawyer's request and the court's award. *Moreno*, 534 F.3d at 1111. Here, there was no such disparity.